ORIGINAL
D+F
C/M

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JESSICA MAZURKIEWICZ, JACEK
MAZURKIEWICZ, and DAVID SANTANA,

                Plaintiffs,                         MEMORANDUM AND ORDER
                                                    Case No. 04-CV-4630 (FB) (VVP)
        -against-

QUEEN OF HEART CRUISES, INC., and
AFFAIRS AFLOAT, INC., d/b/a QUEEN
OF HEARTS CRUISES, INC.,

                Defendants/Cross-Claimants

        -and-

SCHOOL OF VISUAL ARTS, INC., and
JOHN DOE, said name being fictitious and
unknown,

                Defendants/Cross-Defendants.
-----------------------------------------------------------x
```

*Appearances:*
*For the Plaintiffs:*
SETH A. HARRIS, ESQ.
Burns & Harris, Esqs.
217 Broadway, Suite 308
New York, NY 10007

*For School of Visual Arts, Inc.:*
GREGORY E. WALTHALL, ESQ.
Hoey, King, Toker & Eptein
55 Water Street, 29th Floor
White Plains, NY 10607

*For Queen of Heart Cruises, Inc, and Affairs Afloat, Inc.:*
ALFRED J. WILL, ESQ.
Badiak & Will, LLP
106 Third Street
Mineola, NY 11501

**BLOCK, Senior District Judge:**

For the reasons stated at oral argument on December 20, 2007, summarized

below, defendants' motions for summary judgment are granted in part and denied in part.[1]

The complaint alleges claims under common law negligence and New York's dram shop law; no party disputes the applicability of either law.

## I. Common Law Negligence

Queen of Heart Cruises, Inc. and Affairs Afloat, Inc. (collectively, the "Queen of Hearts defendants") are entitled to summary judgment on plaintiffs' negligence claim because it is undisputed that the assault occurred after plaintiffs disembarked the vessel; therefore, the Queen of Hearts defendants owed no common law duty to plaintiffs. *See Hayes v. City of New York*, 824 N.Y.S.2d 24, 26 (1st Dep't 2006) (holding shipowner did not owe duty of care upon passenger's "safe disembarkation from the vessel"); *cf. D'Amico v. Christie*, 71 N.Y.2d 76, 85 (1987) (landowner's duty to keep premises free of dangerous conditions, including intoxicated guests, extends only to injuries incurred on landowner's property). Plaintiffs' contention at oral argument that the common law duty should extend thirty feet from the boat is unavailing. *See D'Amico*, 71 N.Y.2d at 86-87 (holding that common law duty would not be expanded because, *inter alia*, the purpose of the dram shop law is to impose liability in situations where no duty at common law existed); *see also Gohar v. Albany Housing Authority*, 733 N.Y.S.2d 507, 509-10 (3d Dep't 2001) (declining to extend common law premises liability to the street abutting the landowner's property).

---

[1] The Court has admiralty jurisdiction over this matter because plaintiffs alleged injuries sustained as a result of unknown individuals being negligently served alcohol aboard Queen of Hearts' vessel. *See Bay Cacino, LLC v. M/V Royal Empress*, 199 F.R.D 464, 466(E.D.N.Y. 1999) (holding admiralty jurisdiction existed over motor vehicle accident which occurred as a result of a driver becoming intoxicated aboard a gambling cruise).

2

While the School of Visual Arts (the "School"), a college, did not stand *in loco parentis* to its students, *see Rydynski v. North Shore Univ. Hosp.*, 692 N.Y. S.2d 694, 695 (2d Dep't 1999) ("The courts of this State have held that a school or learning facility does not stand in the position of *in loco parentis* to adult students attending classes." (citations omitted)), the School, as host of the graduation party, had a duty to adequately supervise and control guests if it "ha[d] the opportunity to control the third party's conduct and [was] reasonably aware of the necessity of such control." *Paul v. Hogan*, 724, 392 N.Y.S.2d 766, 768 (4th Dep't 1977). That the School did not own the premises where the party occurred is irrelevant. *Cf. Bilotta v. Storino*, 672 N.Y.S.2d 421 (2d Dep't 1998) (holding that landlord did not have duty to party guests where host supervised gradation party). Thus, triable issues of fact exist as to whether the School: (1) had the opportunity to control the conduct of the perpetrators of the assault during the party, and (2) was reasonably aware of the necessity of such control.

## II. Dram Shop Law

Under the dram shop law, "any person who shall be injured ... by reason of the intoxication of any person ... shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed such intoxication." N.Y. Gen. Oblig. Law § 11-101.1. By statute, "unlawful selling" includes "sell[ing], deliver[ing] or giv[ing] away or caus[ing] or permit[ting] or procur[ing] to be sold, delivered or given away any alcoholic beverages to ... any visibly intoxicated person." N.Y. Alco. Bev. Cont. Law § 65.

3

A triable issue of fact exists as to whether the Queen of Hearts defendants served alcohol to the perpetrators of the assault, and, if so, whether the perpetrators were visibly intoxicated at that time; therefore, the Queen of Hearts defendants are not entitled to summary judgment on plaintiffs' dram shop law claim.

The School is not liable under the dram shop law because it did not sell alcohol directly and had no expectation of pecuniary gain from the graduation celebration. *See D'Amico*, 71 N.Y.2d at 84 (holding that application of dram shop law "requires a commercial sale of alcohol").

## III. Indemnity Claim

Because the Queen of Hearts defendants' claim for indemnification is contingent – upon their liability and whether they were negligent – the Court reserves consideration of this claim. *Cf.* Fed. R. Civ. P. 42(b) (permitting the Court to conduct separate trials of cross-claims "in the furtherance of convenience or to avoid prejudice").

## CONCLUSION

The Queen of Hearts defendants' motions for summary judgement are granted with respect to the negligence claim and denied with respect to the dram shop law claim. The School's motion for summary judgment is denied with respect to the negligence claim and granted with respect to the dram shop law claim. Consideration of the

indemnity claim is reserved.

**SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 21, 2007