ORIGINAL
A+F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JESSICA MAZURKIEWICZ, JACEK
MAZURKIEWICZ, and DAVID SANTANA,

        Plaintiffs,

-against-

QUEEN OF HEART CRUISES, INC., and
AFFAIRS AFLOAT, INC., d/b/a QUEEN
OF HEARTS CRUISES, INC.,

        Defendants/Cross-Claimants

-and-

SCHOOL OF VISUAL ARTS, INC., and
JOHN DOE, said name being fictitious and
unknown,

        Defendants/Cross-Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CV-4630 (FB) (VVP)

*Appearances:*
*For the Plaintiffs:*
SETH A. HARRIS, ESQ.
Burns & Harris, Esqs.
217 Broadway, Suite 308
New York, NY 10007

*For School of Visual Arts, Inc.:*
GREGORY E. WALTHALL, ESQ.
Hoey, King, Toker & Eptein
55 Water Street, 29th Floor
White Plains, NY 10607

*For Queen of Heart Cruises, Inc, and
Affairs Afloat, Inc.:*
ALFRED J. WILL, ESQ.
Badiak & Will, LLP
106 Third Street
Mineola, NY 11501

**BLOCK, Senior District Judge:**

        On December 21, 2007, the Court issued a Memorandum and Order ("M&O") summarizing the reasons for which defendants' motions for summary judgment were

granted in part and denied in part at oral argument held the prior day. On January 7, 2008, Queen of Hearts Cruises, Inc. and Affairs Afloat, Inc. (collectively, the "Queen of Hearts defendants") sent a letter to the Court requesting certain modifications be made to the M&O in respect to the indemnity claim the Queen of Hearts defendants asserted against the School of Visual Arts ("SVA"), *see* Docket Entry #83; the Court construes the letter as a motion for reconsideration pursuant to Local Civil Rule 6.3.

With respect to the Queen of Hearts defendants, the M&O held that they were entitled to summary judgment on plaintiffs' common law negligence claim because they did not owe a duty to plaintiffs; however, summary judgment was denied with respect to plaintiffs' dram shop law claim because triable issues of fact exist as to whether the Queen of Hearts defendants served alcohol to the perpetrators of the assault and, if so, whether the perpetrators were visibly intoxicated at that time. The M&O reserved consideration of the Queen of Hearts defendants' indemnification claim because it "is contingent . . . upon their liability and whether they were negligent." M&O at 4.

The indemnity provision at issue provides:

> [SVA] assumes responsibility for the acts and omissions of its guests, invitees and shall indemnify and hold [the Queen of Hearts defendants] harmless from all losses, damages, costs and expenses . . . for any personal injuries . . . to persons in attendance at the function. *Nothing contained herein shall exempt [the Queen of Hearts defendants] from liability caused by the negligent act or omission of the [Queen of Hearts defendants], its agents, employees and servants.*

Will Aff. in Supp. of Summ. J. ("Will Aff."), Ex. 3 (emphasis added).

In its letter, the Queen of Hearts defendants argue that because the Court found Queen of Hearts "not negligent," it should (1) modify the portion of the M&O

2

regarding their indemnity claim to reflect "the Court's finding," Docket Entry #83 at 1, and (2) "re-consider its decision to reserve judgment on the indemnity issue" since the Court's "not negligent" finding entitles them to summary judgment on that issue. *Id.* at 2.

SVA opposed the reconsideration motion, arguing, *inter alia*, that the indemnity provision is not enforceable because (1) SVA never signed the agreement with the Queen of Hearts defendants, and (2) in the alternative, the indemnity provision does not apply to events occurring off the vessel, such as the assault which forms the basis of plaintiffs' claims.[1]

A motion for reconsideration must set forth "the matters or controlling decisions which counsel believes the court has overlooked," Local Civ. R. 6.3, and "will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

In respect to the first argument, the M&O did not find that the Queen of Hearts defendants were "not negligent;" rather, the M&O merely held that plaintiffs had not stated a *cause of action* grounded in negligence because "the Queen of Hearts defendants owed no common law duty to plaintiffs." M&O at 2. That the negligence claim was dismissed does not preclude a jury from finding that the Queen of Hearts defendants violated the dram shop law by failing to exercise the standard of care that a reasonably prudent person would have exercised in similar situations, i.e. negligently. While plaintiffs

---

[1] Plaintiffs have not made any submissions in response to the Queen of Hearts defendants' reconsideration motion.

3

need not prove negligence to recover under the dram shop law, *see Bongiorno v. D.I.G.I., Inc.*, 127, 529 N.Y.S.2d 804, 808 (2d Dept. 1988) (explaining dram shop act is a "statutory species of strict liability"), that does not preclude SVA from invoking the exception to the indemnity provision by attempting to prove that the Queen of Hearts defendants negligently caused plaintiff's injuries. *Cf. Lancaster Silo & Block Co. v. No. Propane Gas Co.*, 427 N.Y.S.2d 1009, 1014 (4th Dept. 1980) ("The differences in the proof between strict tort liability and negligence entitle plaintiffs to an appropriate charge on each of the theories on which they have offered proof.").

As to the Queen of Hearts defendants' second argument, the Court sees no reason to decide the indemnity claim at this stage, nor have the Queen of Hearts defendants identified any grounds justifying reconsideration. *See United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or to prevent manifest injustice."). Indeed, SVA's opposition to the reconsideration motion confirms that the interest of conserving judicial resources counsels against deciding an issue which would become academic if the Queen of Hearts defendants are found not liable under the dram shop law: deciding the indemnity claim would require the Court to, at a minimum, (1) determine whether SVA assented to the terms of the unsigned agreement, (2) if not, whether the doctrine of judicial estoppel binds SVA to the terms of the contract, and (3) if SVA is bound, the Court would then have to determine whether the indemnity provision applies to the facts of this case as a matter of law.

4

## CONCLUSION

For the reasons stated above, the Queen of Hearts defendants' motion for reconsideration is denied.

**SO ORDERED.**

/signed/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 7, 2008